## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA

| | | |
|---|---|---|
| ABG JUICY COUTURE, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 25-cv-03396-TWT |
| | ) | |
| v. | ) | |
| | ) | |
| 10JQKA, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| ———————————————— | ) | |

## **DEFENDANTS' JOINT RULE 12(b)(2) MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION**

Defendants, Hong Kong Anka Co., Ltd., Hong Kong Building Industry Co., Ltd., Hong Kong Chengpo Co., Ltd., Hong Kong Jueying Co., Ltd., Hong Kong Moxu Co., Ltd., Hong Kong Muhui Co., Ltd., Hong Kong Zhilian Co., Ltd., Hong Kong Zhiliang Co., Ltd. (hereinafter collectively "No Sales Defendants")[1], by and through their counsel, and pursuant to Federal Rules of Civil Procedure 12(b)(2),

---

[1] Hong Kong Anka Co., Ltd. d/b/a Sfeergz (hereinafter "Anka Co., Ltd."), Hong Kong Building Industry Co., Ltd. d/b/a RDARDP and Yxfhko (hereinafter "Building Industry Co., Ltd."), Hong Kong Chengpo Co., Ltd. d/b/a Kfndrtj (hereinafter "Chengpo Co., Ltd."), Hong Kong Jueying Co., Ltd. d/b/a UOYTOH (hereinafter "Jueying Co., Ltd."), Hong Kong Moxu Co., Ltd. d/b/a Acxadky (hereinafter "Moxu Co., Ltd."), Hong Kong Muhui Co., Ltd. d/b/a PBHVNYH (hereinafter "Muhui Co., Ltd."), Hong Kong Zhilian Co., Ltd. d/b/a Shkqabm (hereinafter "Zhilian Co., Ltd."), Hong Kong Zhiliang Co., Ltd. d/b/a Ztvculb (hereinafter "Zhiliang Co., Ltd.") (hereinafter collectively "No Sales Defendants").

hereby respectfully file their Motion to Dismiss Plaintiff's Complaint (D.E. 3). In support thereof, the Defendants state as follows:

## I.    BACKGROUND AND RELEVANT PROCEDURAL HISTORY

1.    Each of the storefronts identified by Plaintiff in its Complaint, are registered and operated by Defendant companies that are located in Hong Kong, as referenced in the proceeding paragraph. *See* Declaration of Li Junxian attached hereto as **Exhibit One**, at ¶2 (hereinafter "Junxian Declaration"); Declaration of Wang Dongfeng attached hereto as **Exhibit Two**, at ¶2 (hereinafter "Dongfeng Declaration");  Declaration of Liu Cheng attached hereto as **Exhibit Three**, at ¶2 (hereinafter "Cheng Declaration"); Declaration of Bi Chunlan attached hereto as **Exhibit Four**, at ¶2 (hereinafter "Chunlan Declaration"); Declaration of Zeng Wang attached hereto as **Exhibit Five**, at ¶2 (hereinafter "Wang Declaration"); Declaration of Cheng Bihui attached hereto as **Exhibit Six**, at ¶2 (hereinafter "Bihui Declaration"); Declaration of Zhou Zhilian attached hereto as **Exhibit Seven**, at ¶2 (hereinafter "Zhilian Declaration"); Declaration of Zou Liang attached hereto as **Exhibit Eight**, at ¶2 (hereinafter "Liang Declaration").

2.    Some of the aforementioned Defendant companies registered and operated multiple storefronts, while some companies only registered and operated a single storefront. *See* Junxian Declaration **Exhibit One**, at ¶3; Dongfeng Declaration **Exhibit Two**, at ¶3; Cheng Declaration **Exhibit Three**, at ¶3; Chunlan

Declaration **Exhibit Four**, at ¶3; Wang Declaration **Exhibit Five**, at ¶3; Bihui

Declaration **Exhibit Six**, at ¶3; Zhilian Declaration **Exhibit Seven**, at ¶3; Liang

Declaration **Exhibit Eight**, at ¶3.

3.     All of the Defendants herein moving for dismissal have not sold any

items into Georgia, nor into the United States, bearing or utilizing Plaintiff's

intellectual property. *See* Declaration **Exhibit One**, at ¶5; Dongfeng Declaration

**Exhibit Two**, at ¶5; Cheng Declaration **Exhibit Three**, at ¶5; Chunlan Declaration

**Exhibit Four**, at ¶5; Wang Declaration **Exhibit Five**, at ¶5; Bihui Declaration

**Exhibit Six**, at ¶5; Zhilian Declaration **Exhibit Seven**, at ¶5; Liang Declaration

**Exhibit Eight**, at ¶5.

4.     On June 18, 2025, Plaintiff filed its Complaint alleging "trademark

infringement in violation of 15 U.S.C. §§ 1115, false designation of origin and/or

false endorsement in violation of 15 U.S.C. §§ 1125, as well as common law

trademark infringement and unfair competition." (D.E. 3).

5.     The Complaint alleges that the Court has personal jurisdiction over

Defendants pursuant to Federal Rule of Civil Procedure 4(k)(2), and that "on

information and belief", Defendants are not "subject to the jurisdiction of any

state's court of general jurisdiction… ." (D.E. 3, para. 3).

6.     The Complaint also alleges that Defendants, "on information and

belief, either transact business within Georgia or have committed a tortious injury

within Georgia caused by an act or omission outside the state and regularly do or solicit business, or engage in other persistent courses of conduct, or derive substantial revenue from goods used or consumed in Georgia." (D.E. 3, ¶ 4).

7.    The Complaint further alleges that the Defendants "sells, offers for sale, distributes, and/or advertises goods through its virtual storefronts on various e-commerce marketplaces" in the United States, including Georgia. (*See* D.E. 3, ¶¶ 7, 17).

8.    On August 11, 2025, the undersigned Lydia Pittaway, Esq. and Sandra Cristina Perez, Esq. filed, with local counsel John Sandifer, Esq., applications for admission *pro hac vice* (D.E. 24, 25).[2]

9.    On August 11, 2025, local counsel John Sandifer, Esq., filed a motion for extension of time for Defendants to respond to the Complaint with a brief in support thereof (D.E. 26). On August 26, 2025, this Court granted the extension through September 1, 2025. (D.E. 36).

10.    On August 13, 2025 and August 14, 2025, the Court approved and entered orders granting Defendants' co-counsels', Sandra Cristina Perez and Lydia Pittaway, applications for admission *pro hac vice*. (D.E. 29, 30, respectively).

11.    On August 26, 2025, the Court granted Defendants' motion for extension of time up to and including September 1, 2025. (D.E. 36).

---

[2] Counsel Lydia Pittaway, Esq.'s application for admission *pro hac vice* was re-submitted on August 12, 2025 (D.E. 27).

**Facts specific to the moving Defendants**

12.   In addition to being located in Hong Kong, the Defendant companies that registered and operated the storefronts identified in Plaintiff's Complaint:

   a.   do not maintain any offices, manufacturing plants, or distribution facilities, or any other place of business in Georgia;

   b.   do not have any employees, officers, business agents, directors, or representatives located in or based in Georgia;

   c.   have never been registered to do business in Georgia;

   d.   do not have a registered agents in Georgia;

   e.   do not target Georgia through print, television, radio, or internet advertising;

   f.   do not own, rent, lease, or occupy any real or personal property in Georgia;

   g.   do not maintain any accounts in any financial institution in Georgia;

   h.   are not listed in any telephone, business, or other informational directory in Georgia;

   i.   manufacture their products in China.

*See* Declaration **Exhibit One**, at ¶4; Dongfeng Declaration **Exhibit Two**, at ¶4; Cheng Declaration **Exhibit Three**, at ¶4; Chunlan Declaration **Exhibit Four**, at

¶4; Wang Declaration **Exhibit Five**, at ¶4; Bihui Declaration **Exhibit Six**, at ¶4; Zhilian Declaration **Exhibit Seven**, at ¶4; Liang Declaration **Exhibit Eight**, at ¶4.

## **MEMORANDUM OF LAW**

This memorandum will discuss why Plaintiff has failed to establish personal jurisdiction over No Sale Defendants. This memorandum will discuss why Plaintiff's generalized and conclusory statements in its Complaint fail to support hauling the No Sale Defendants into the Northern District of Georgia for merely hosting a storefront on the Temu ecommerce platform that may be viewable by Georgia residents; especially when none of these Defendants have sold or shipped any allegedly infringing products into the United States, much less into Georgia. Notably, this memorandum will explain why Plaintiff cannot make a prima facie case of jurisdiction in light of the Defendants' rebuttal. This memorandum will conclude that Plaintiff cannot establish personal jurisdiction and this Court must dismiss No Sale Defendants from this case.

## I.    PLAINTIFF BEARS THE BURDEN TO ESTABLISH PERSONAL JURISDICTION

Plaintiff "bears the initial burden of alleging in the complaint sufficient facts to make out a prima facie case of jurisdiction." *Diamond Crystal Brands, Inc. v. Food Movers Intern., Inc.*, 593 F.3d 1249, 1257 (11th Cir. 2010) (quoting *United Techs. Corp. v. Mazer*, 556 F.3d 1260, 1274 (11th Cir. 2009)); *see also Glob. Garlic, Inc. v. Distribuidora Mi Honduras, LLC*, No. 1:20-CV-4882-MHC, 2021

WL 5034376, at *1 (N.D. Ga. Apr. 29, 2021). Similarly, "[o]n a motion to dismiss for lack of personal jurisdiction under Rule 12(b)(2), the plaintiff has the burden of establishing a prima facie case by presenting enough evidence to withstand a motion for directed verdict." *Kennedy v. VGW Holdings Ltd.*, No. 1:24-CV-2184-TWT, 2025 WL 1932750, at *2 (N.D. Ga. July 14, 2025); *see also Factory Direct Wholesale, LLC v. Giantex, Inc.,* No. 1:17-CV-341-WSD, 2018 WL 732570, at *3 (N.D. Ga. Feb. 5, 2018); *Gulfstream Aerospace Corp. v. Gulfstream Air Charter, Inc.*, No. 4:17-CV-26, 2018 WL 6069006, at *1–6 (S.D. Ga. Nov. 20, 2018). In order to withstand a motion for directed verdict (and therefore establish personal jurisdiction), the plaintiff must present evidence "'of such quality and weight that reasonable and fair-minded persons in the exercise of impartial judgment might reach different conclusions.'" *Factory Direct Wholesale,* 2018 WL 732570, at *3 (quoting *Walker v. NationsBank of Florida*, 53 F.3d 1548, 1554 (11th Cir. 1995)).

Additionally, when a defendant challenges personal jurisdiction by submitting evidence, Plaintiff bears the burden of producing its evidence to support personal jurisdiction. *Diamond Crystal Brands*, 593 F.3d at 1257. In other words, when a defendant submits evidence, such as through a non-conclusory affidavit, which contests plaintiff's burden of establishing personal jurisdiction, "the burden shifts back to the plaintiff to produce evidence to support personal jurisdiction."

*SkyHop Techs., Inc. v. Narra*, 58 F.4th 1211, 1222 (11th Cir. 2023) (quotation, internal citation omitted); *see also Diamond Crystal Brands*, 593 F.3d at 1257; *Glob. Garlic*, 2021 WL 5034376 at *1-2 (N.D. Ga. Apr. 29, 2021); *Factory Direct Wholesale,* 2018 WL 732570, at *3; *Proliant, Inc. v. Savant HCM, LLC*, No. 1.17-CV-02487-ELR, 2018 WL 1936528, at *3 (N.D. Ga. Jan. 25, 2018); *Wooten v. LaSalle Mgmt. Co. LLC*, No. 7:22-CV-00148 (WLS), 2025 WL 961435, at *9 (M.D.Ga. Mar. 31, 2025).

Plaintiff has alleged a basis for jurisdiction, presumably under Georgia's Long-Arm Statute (O.C.G.A. § 9-10-91),[3] based upon "information and belief" that Defendants "either transact business within Georgia or have committed a tortious injury within Georgia caused by an act or omission outside the state and regularly do or solicit business, or engage in other persistent courses of conduct, or derive substantial revenue from goods used or consumed in Georgia." (D.E. 3 at ¶¶ 4).

Alternatively, Plaintiff pleads jurisdiction under Fed. R. Civ. P. 4(k)(2), based on allegations that Defendants "[o]n information and belief, … sell[], offer[] for sale, distribute[] and/or advertise[] goods through virtual storefronts on various e-commerce platforms" in the United States (D.E. 3 at ¶7; *see also* ¶¶17, 18). Plaintiff asserts the Court has jurisdiction under Fed.R.Civ.P. 4(k)(2) "because, on information and belief, no Defendant is subject to the jurisdiction of any state's

---

[3] Plaintiff did not cite to O.C.G.A. § 9-10-91, but Plaintiff's allegations mimic the language of the statute.

court of general jurisdiction and exercising jurisdiction is consistent with the United States Constitution and laws." (D.E. 3 at ¶3).

As a result, Plaintiff's presentation of jurisdiction rests exclusively on an "information and belief" basis. Specifically, Plaintiff does not articulate any specific fact as to any individual Defendant, nor does Plaintiff allege that it placed any orders from the Defendants. Despite these allegations devoid of supporting facts, Defendants will nevertheless address why the Court does not have personal jurisdiction under Fed.R.Civ.P. 4(k)(2), nor pursuant to Georgia's Long-Arm Statute O.C.G.A. § 9-10-91.

## II.    CONSTITUTIONAL JURISDICTION ANALYSIS

A federal district court in a state may exercise personal jurisdiction over a nonresident defendant just as a resident defendant, so long as the exercise is consistent with federal due process requirements. *Diamond Crystal Brands, Inc.,* 593 F.3d at 1257-58 (interpreting Georgia law). In order to determine whether personal jurisdiction exists, "the Court must examine [(1)] whether the exercise of jurisdiction would be appropriate under the forum state's long-arm statute[, and (2)] …. whether the exercise of personal jurisdiction over the defendant would violate the Due Process Clause of the Fourteenth Amendment to the United States Constitution." *Neenah, Inc. v. Mohawk Fine Papers, Inc.,* No. 1:18-CV-04870-ELR, 2019 WL 2080267, at *2 (N.D. Ga. Feb. 5, 2019) (internal

quotations, citations omitted); *see also Factory Direct Wholesale, LLC,* 2018 WL 732570 at *2; *Jordan Outdoor Enters., Ltd. v. That 70's Store, LLC*, 819 F. Supp. 2d 1338, 1341 (M.D.Ga. 2011); *Gulfstream*, 2018 WL 6069006, at *2. As a result, if both Georgia law and the United States Constitution permit, a federal district court may exercise jurisdiction over the nonresident defendant. *Id.*

Specifically, the inquiry proceeds in a two step analysis:

(1)    is personal jurisdiction appropriate under the forum state's long-arm statute (*see Mut. Serv. Ins. Co. v. Frit Indus., Inc.*, 358 F.3d 1312, 1319 (11th Cir. 2004)); and

(2)    would exercising personal jurisdiction over the defendant violate the Due Process Clause of the Fourteenth Amendment of the United States Constitution? There is no violation if:

a)    the defendant has "certain minimum contacts" with the forum state, and

b)    exercising jurisdiction over defendant "does not offend traditional notions of fair play and substantial justice."

*Neenah, Inc.*, 2019 WL 2080267, at *5. (internal citation, quotation omitted).

## III.    GEORGIA'S LONG ARM STATUTE

Subsections (1) - (3) of Georgia's long-arm statute states, in part:

A court of this state may exercise personal jurisdiction over any nonresident or his executor or administrator, as to a cause of action arising from any of the acts, omissions, ownership, use, or possession enumerated in this Code section, in the same manner as if he were a resident of the state, if in person or through an agent, he or she:

(1) Transacts any business within this state;

(2) Commits a tortious act or omission within this state, except as to a cause of action for defamation of character arising from the act;

(3) Commits a tortious injury in this state caused by an act or omission outside this state if the tort-feasor regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered in this state....

O.C.G.A. § 9–10–91(1)-(3). As explained further herein, Plaintiff cannot establish personal jurisdiction over the Defendants under subsections (1) through (3) of O.C.G.A. § 9–10–91.

## IV. PLAINTIFF CANNOT ESTABLISH PERSONAL JURISDICTION OVER THE DEFENDANTS UNDER GEORGIA'S LONG-ARM STATUTE, O.C.G.A. § 9–10–9

Plaintiff cannot establish personal jurisdiction over Defendants Georgia's Long-Arm Statute, O.C.G.A. § 9–10–91(1)-(3), and therefore, Defendants should be dismissed pursuant to Rule 12(b)(2).

### 1. Plaintiff has failed to establish that No Sale Defendants transacts any business in Georgia

"Jurisdiction under subsection (1) of [Georgia's] long-arm statute ... still 'expressly depends on the *actual* transaction of business—the doing of some act or consummation of some transaction—by the defendant in the state'." *Jordan Outdoor Enterprises*, 819 F. Supp. 2d at 1342 (quoting *Diamond Crystal*, 593 F.3d at 1260) (emphasis added). *See also Diamond Crystal,* 593 F.3d at 1264 ("Interpreted **literally**, 'transacts any business' requires that the 'nonresident

defendant has purposefully done some act or consummated some transaction in [Georgia]....'") (internal quotation, citations omitted; emphasis added); *Gulfstream*, 2018 WL 6069006, at *3 ("The ultimate question is whether the defendant engaged in conduct directed at Georgia and could 'fairly be said' to have ***literally*** 'transacted' business in the state of Georgia.") (emphasis added); *Neenah, Inc.*, 2019 WL 2080267, at *3. However, the Georgia Supreme Court has interpreted the meaning of "transacts any business" as nevertheless limited to "reaching only to the maximum extent permitted by procedural due process"; this simply means that "due process concerns may limit the full extent of the 'transacts any business' prong." *Diamond Crystal Brands, Inc.*, 593 F.3d at 1261.

District courts have repeatedly applied these holdings to deny a finding of transacting business merely for hosting a website viewable in the forum state. *Jordan Outdoor Enterprises, Ltd.*, 819 F. Supp. 2d at 1343 (Land, J.) ("It is undisputed, however, that no sales resulted from Georgia residents viewing the websites. The Court finds that this evidence does not support a finding that Defendants transacted business in Georgia sufficient to meet the requirements of the Georgia long-arm statute."); *Kason Indus., Inc. v. Dent Design Hardware, Ltd.*, 952 F. Supp. 2d 1334, 1349 (N.D. Ga. 2012) ("Neither does [Defendant's] website support a finding that it regularly does or solicits business in Georgia. [Defendant's] website does not directly target Georgia residents in any way.");

12

*Smith v. Air Ambulance Network*, 427 S.E.2d 305, 305 (Ga. Ct. App. 1993) (stating that "mere placement of advertisements in Georgia" was insufficient to show that defendant purposefully transacted business in state so as to establish personal jurisdiction)

In the instant case, Defendants have stated in their supporting Declarations that the Defendants each have only one place of business, which is in Hong Kong, and that Defendants maintain no offices, manufacturing plants or distribution facilities in Georgia. The Defendants do not have any employees, officers, business agents, directors, or representatives located in or based in Georgia. Defendants have never been registered to do business in Georgia, and are not listed in any telephone, business, or other informational directory in Georgia. Defendants do not target Georgia through print, television, radio, or internet advertising. The Defendants do not own, rent, lease, or occupy any real or personal property in Georgia. Defendants maintain no accounts in any financial institutions in Georgia. The absence of any evidence to the contrary causes any jurisdictional argument that Defendants "transact[] … any business within the state" under subsection (1) of O.C.G.A. § 9–10–91 to fail.

Rather, as referenced in paragraphs 6. and 7., *supra*, Plaintiff's allegations are that Defendants operated a "virtual storefront" through which Defendants allegedly offered infringing products for sale. (*See* D.E. 3, ¶¶ 7, 17). However,

operating such a "virtual storefront" alone does not constitute transacting business within the state. Notably, this jurisdiction has held that a single sale and shipment of an allegedly infringing product into Georgia is sufficient to constitute "[t]ransacting any business within the state" under subsection (1) of O.C.G.A. §9-10-91. *Factory Direct Wholesale,* 2018 WL 732570 at *4 (finding transaction where "Defendants accepted the order for the Accused Sale through Amazon.com and fulfilled it by shipping the Stroller to a customer in Georgia"*); but see Empirical Regent, Llc, V. Sunny Design And Business Consulting, Llc*, 1:19-Cv-3253-MHC, 2020 Wl 4557564 (N.D.Ga. Feb. 25, 2020) (Cohen, J.) (finding lack of personal jurisdiction despite sales into Georgia because Amazon, not defendant, fulfilled and shipped the orders of defendant's products to the addresses in Georgia). Said single sale can be by mail, telephone, or the internet, and notably, even by an agent or investigator of a plaintiff. *Factory Direct Wholesale,* 2018 WL 732570 at *4.

In the instant case, contrary to Plaintiff's allegations, Defendants have **not** sold or shipped any allegedly infringing products into anywhere in the United States, much less into Georgia. In *Factory Direct Wholesale, LLC v. Giantex, Inc*., the plaintiff had an affiliate order the alleged infringing product from the defendant. *Factory Direct Wholesale, LLC*, 2018 WL 732570 at *1. The infringing product was shipped into Georgia. *Id.* The plaintiff attached the invoice of the sole

14

purchase (by its affiliate) and shipment of the infringing product into Georgia to the complaint as evidence of defendant's contacts with Georgia. *Id.* The district court held the single sale by the plaintiff's affiliate was sufficient to confer personal jurisdiction over the defendant under subsection (1) of Georgia's Long-Arm statute, O.C.G.A. §9-10-91. *Factory Direct Wholesale, LLC*, 2018 WL 732570 at *4.

Here, Plaintiff needed only to order the allegedly infringing products from Defendants, yet failed to do so. Defendants have not sold or shipped any allegedly infringing products into Georgia. Given the lack of any sale or shipment into Georgia, and that Defendants do not transact business in any other way in the State of Georgia, Plaintiff cannot establish personal jurisdiction over the Defendants under subsection (1) of Georgia's Long-Arm statute, O.C.G.A. §9-10-91.

2.    **Plaintiff has failed to establish that Defendants committed a tortious act or omission *within* Georgia**

As referenced in paragraphs 6. and 7., *supra*, Plaintiff's allegations extend to only Defendants operating a "virtual storefront" through which Defendants allegedly offered infringing goods for sale. (*See* D.E. 3, ¶¶ 7, 17). Plaintiff further makes a conclusory allegation that Defendants "on information and belief, …have committed a tortious injury within Georgia," attempting to establish jurisdiction through subsection (2) of O.C.G.A. §9-10-91.

This jurisdiction has held that while sales may establish jurisdiction, the mere operation of a website alone is insufficient to establish a presence for purposes of personal jurisdiction. *Henriquez v. El Pais Q'Hubocali.com*, 500 Fed.Appx. 824, 828-29 (11th Cir. 2012); *Louis Vuitton Malletier, S.A. v. Mosseri*, 736 F.3d 1339, 1358 (11th Cir. 2023) (interpreting Florida's long-arm statute to find that "in addition to his fully interactive "pendoza.com" website accessible in Florida, Mosseri had other contacts with Florida—through selling and distributing infringing goods through his website to Florida consumers").

In *Jordan Outdoor Enterprises, Ltd. v. That 70's Store, LLC,* the defendant operated a website, which said website was created in Arkansas, that allegedly listed purported infringing products. *Jordan Outdoor Enters., Ltd.*, 819 F. Supp. 2d at 1345. The district court held that, because the website was created and operated in Arkansas, the "tortious act or omission" did not occur within Georgia as expressly required by subsection (2) of O.C.G.A. §9-10-91.

In the instant case, the storefront is not operated or maintained in Georgia. Any purported "tortious act or omission" (which Defendants outright deny) occurred outside of Georgia, as all activities occur overseas as evidenced by the Declarations filed simultaneously with this motion. There were no sales of any allegedly infringing products into Georgia, so again, no "tortious act or omission" occurred *within* the State of Georgia as required by subsection (2) of O.C.G.A.

§9-10-91. In conclusion, Plaintiff fails to meet the second prong for establishing personal jurisdiction over No Sale Defendants.

**3.      Plaintiff has failed to establish that No Sale Defendants committed a tortious injury in Georgia caused by an act or omission outside this state if the tort-feasor regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered in Georgia**

Courts have held that maintaining a website accessible to persons within Georgia does not constitute doing or soliciting business under O.C.G.A. §9-10-91(3). *Henriquez*, 500 Fed.Appx. at 828-29. *Kason Indus., Inc.*, 952 F. Supp. 2d at 1349. In *Kason Indus., Inc. v. Dent Design Hardware, Ltd.*, the district court reviewed a case where defendant maintained a website accessible within Georgia, but otherwise found that the website "does not directly target Georgia residents in any way" and as a result, held that the defendant's website alone would not support a finding that the defendant regularly did or solicited business in Georgia to support personal jurisdiction. *Kason Indus., Inc.,* 952 F. Supp. 2d at 1345 - 49. In reviewing the substantive facts, the district court referenced that plaintiff had:

> [P]resented no affidavits or arguments stating that it has any reason to believe that Dent has either transacted business related to the accused hinge in Georgia or that Dent regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered in Georgia.

*Kason Indus., Inc.*, 952 F. Supp. 2d at 1345. The court further noted "[n]either does [defendant's] website support a finding that it regularly does or solicits business in Georgia. [Defendant's] website does not directly target Georgia residents in any way. The Court cannot conclude that [Defendant] regularly solicit[s] business *in Georgia* solely by operating a website that is accessible here and everywhere else." *Id.* at 1349.

In *Gulfstream Aerospace Corp. v. Gulfstream Air Charter, Inc.*, the plaintiff, a Georgia corporation, was suing a Delaware corporation that had its principal place of business in Miami. *Gulfstream*, 2018 WL 6069006, at *1. The defendant did not operate any other portion of its business within the state of Georgia. *Id.* However, the defendant did make ticket sales off of a nationally viewable website. *Id.* Although Georgia residents could arguably purchase tickets off of the website, the defendant did not target advertising nor marketed specifically to Georgia residents. *Id.* Notably, while tickets could be purchased directly from the website, customers could also purchase tickets through third party travel agencies, two of which were actually located in Georgia. *Id.* The plaintiff was arguing that the district court had jurisdiction pursuant to subsection (3) of O.C.G.A. § 9-10-91. Despite the presence of those two third-party agencies (unaffiliated with defendant) within Georgia, and a website that was viewable, accessible to Georgia residents

through which tickets could be purchased, the district court there was no personal

jurisdiction through Georgia's long-arm statute, stating:

> [T]he operation of a generally accessible website cannot alone be the
> basis for jurisdiction, and Plaintiff has not put forth any additional
> evidence to show that Defendant solicited business, sold a good, or
> provided services within the state. "Neither a party nor a trial court
> can circumvent the plain language of the statute," and the plain
> language of subsection (3) requires that a good be used or services be
> provided *in Georgia*. Huggins v. Boyd, 697 S.E.2d 253, 255 (Ga. Ct.
> App. 2010) (citation omitted)... .

*Gulfstream*, 2018 WL 6069006, at *5.

Lastly, subsection (3) of O.C.G.A. § 9-10-91 has an additional requirement

that the Defendants "derives substantial revenue from goods used or consumed or

services rendered *in this state* … ." Further, the revenue must be substantial in

relation to overall revenue.  Courts have interpreted "substantial revenue" within

O.C.G.A. § 9-10-91(3) as "substantial in relation to its overall revenue." *Aero Toy*

*Store, LLC v. Grieves,* 279 Ga.App. 515, 523, 631 S.E.2d 734 (2006)*; Empirical*

*Regent, Llc, V. Sunny Design And Business Consulting, Llc*, 1:19-Cv-3253-MHC,

2020 Wl 4557564 At *4 (N.D.Ga. Feb. 25, 2020)(Cohen, J.)(citing *Aero Toy Store*,

279 Ga. App. at 523). Seeing as no allegedly infringing products have been sold or

shipped into Georgia, Plaintiff cannot claim there is jurisdiction under subsection

(3) of O.C.G.A. § 9-10-91.

In the instant case, Plaintiff has argued on an "information and belief" basis with conclusory allegations and failed to allege any particularized facts that No Sale Defendants regularly do or solicit business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered in Georgia. Notwithstanding the lack of Plaintiff's allegations, No Sale Defendants have declared that they do not conduct or solicit business, or otherwise, in Georgia. Defendants have not sold or shipped any products into Georgia. *See* Declaration **Exhibit One**, at ¶¶4-5; Dongfeng Declaration **Exhibit Two**, at ¶¶4-5; Cheng Declaration **Exhibit Three**, at ¶¶4-5; Chunlan Declaration **Exhibit Four**, at ¶¶4-5; Wang Declaration **Exhibit Five**, at ¶¶4-5; Bihui Declaration **Exhibit Six**, at ¶¶4-5; Zhilian Declaration **Exhibit Seven**, at ¶¶4-5; Liang Declaration **Exhibit Eight**, at ¶¶4-5. Therefore, no "tortious injury *in* [Georgia]" has occurred so as to confer jurisdiction under subsection (3) of O.C.G.A. § 9-10-91.

## V.    PLAINTIFF CANNOT ESTABLISH PERSONAL JURISDICTION OVER THE DEFENDANTS UNDER FEDERAL RULE OF CIVIL PROCEDURE 4(k)(2)

Rule 4(k)(2) allows a court to exercise personal jurisdiction over a defendant if: (1) the claim arises under federal law, (2) "the defendant is not subject to jurisdiction in any state's courts of general jurisdiction," and (3) "exercising jurisdiction is consistent with the United States Constitution and laws."

Fed. R. Civ. P. 4(k)(2); *Herederos De Roberto Gomez Cabrera, LLC v. Teck Res. Ltd.*, 43 F.4th 1303, 1307 (11th Cir. 2022).

In the instant case, Defendants do not contest the first two prongs and will therefore turn directly to the third prong of the analysis. To establish jurisdiction under the third prong, a plaintiff must be able to establish that nationwide jurisdiction is "consistent with the United States Constitution and laws." *Diamond Crystal*, 593 F.3d at 1267 (citing *Burger King*, 471 U.S. at 474, 105 S.Ct. 2174). This analysis focuses on Due Process, and requires that a plaintiff demonstrate that "the defendant's conduct and connection with the forum state be such that he should reasonably anticipate being haled into court there." *Id*. In addition, this Due Process analysis examines "traditional notions of fair play and substantial justice." *SkyHop*, 58 F.4th at 1231 (internal citation omitted). Factors for a district court's consideration include the burden on the defendant, the forum's interest in adjudicating the dispute, the plaintiff's interest in obtaining relief, and the judicial system's shared interest in resolving the dispute. *Del Valle v. Trivago GMBH*, 56 F.4th 1265, 1277 (11th Cir. 2022).

In *Jekyll Island-State Park Authority v. Polygroup Macau Limited*, 140 F.4th 1304, 1323 (11th Cir. 2025), the Eleventh Circuit found jurisdiction where the defendant "purposefully availed itself of the U.S. market through both its 'direct contacts' with the forum and 'indirect contacts' through its relationship with the

other Polygroup entities," and "the defendant 'made deliberate decisions' to register trademarks in the United States for its sister companies to use, and in turn its sister companies' use allowed Polygroup Macau to obtain 'substantial benefit[s]' afforded to it by United States trademark laws."

However, such activities are not present in the instant case. Indeed, Defendants have had no presence in any state, nor have they had any sales in any state. As a result, this Court's finding on jurisdiction should not be affected. *DP Creations, LLC v. Adolly.com,* No. 2:22-CV-00230-DBB, 2023 WL 3510749, at *9 (D. Utah May 17, 2023), on reconsideration in part, No. 2:22-CV-00230-DBB, 2023 WL 5672170 (D. Utah Sept. 1, 2023), rev'd and remanded, No. 23-4126, 2024 WL 4491924 (10th Cir. Oct. 15, 2024), and amended, No. 2:22-CV-00230-DBB, 2024 WL 5041132 (D. Utah Dec. 9, 2024) ("The court previously concluded it could not assert personal jurisdiction over NPK when there was no evidence of sales in Utah. It will not do so now merely because the forum has been expanded to the United States.").

## VI.    CONCLUSION AND REQUEST FOR RELIEF

For the aforementioned reasons, the Plaintiff, through its allegations based "on information and belief," has not been able to establish jurisdiction of the No Sale Defendants through Georgia's Long-Arm statute O.C.G.A. § 9-10-91, nor under Federal Rule of Civil Procedure Rule (4)(k)(2).

**WHEREFORE**, Defendants, Hong Kong Anka Co., Ltd., Hong Kong Building Industry Co., Ltd., Hong Kong Chengpo Co., Ltd., Hong Kong Jueying Co., Ltd., Hong Kong Moxu Co., Ltd., Hong Kong Muhui Co., Ltd., Hong Kong Zhilian Co., Ltd., Hong Kong Zhiliang Co., Ltd., by and through their counsel, and pursuant to Federal Rules of Civil Procedure 12(b)(2), hereby respectfully move the Court to grant their motion to dismiss Plaintiff's Complaint as to Defendants with prejudice, and to grant any further relief the Court deems proper.:

Submitted this 29th day of August, 2025.


/s/*John W. Sandifer*
John W. Sandifer
GA Bar No. 626026
*Attorney for Defendants*
125 Clairemont Avenue
Two Decatur TownCenter, Suite 420
Decatur, GA 30030
Telephone: 404-995-9000
jsandifer@sandifer-law.com

/s/ *Lydia Pittaway*
Lydia Pittaway
FL Bar No. 0044790
*Pro Hac Vice Admitted*
*Attorney for Defendants*
Ford Banister LLC
305 Broadway - Floor 7
New York, NY 10007
Telephone: 212-500-3268
lpittaway@fordbanister.com

*/s/ Sandra Cristina Perez*
Sandra Cristina Perez
FL Bar No. 0051392
*Pro Hac Vice Admitted*
*Attorney for Defendants*
Ford Banister LLC
305 Broadway - Floor 7
New York, NY 10007
Telephone: 212-500-3268
scperez@fordbanister.com

## CERTIFICATE OF FONT & SIZE SELECTION

Pursuant to LR 5.1, NDGa., I certify that this paper was prepared with Times New Roman font with (14) size font and point selections approved by the Court in LR 5.1, NDGa.

*/s/John W. Sandifer*

## CERTIFICATE OF SERVICE

I hereby certify that on August 29, 2025, I electronically filed (Name of Document) with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to the following attorneys of record:

**Carrie A. Hanlon**
The Sladkus Law Group

**Jason Harris Cooper**
The Sladkus Law Group

**Ravindra Rayasam**
Ghanayem and Rayasam, LLC

*/s/John W. Sandifer*

24